IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION
CASE NUMBER:

| | |
|---|---|
| Progressive Northern Insurance Company,<br><br>                                               Plaintiff,<br>v.<br><br>Nicole Swartz, as Personal Representative for the Estate of Tristan Ian Swartz; Father Nature, LLC; and Artemio Escalante,<br><br>                                               Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br>**(Non-Jury)** |

Plaintiff Progressive Northern Insurance Company (hereinafter "Progressive") seeks declaratory relief to determine the rights of the parties, and alleges and shows as follows:

**JURISDICTION & VENUE**

1. Progressive is an insurance company organized and existing under the laws of the State of Wisconsin with its principal place of business in the State of Ohio and is authorized to sell insurance and does sell insurance in South Carolina.

2. Upon information and belief, Nicole Swartz is a citizen and resident of Jasper County, South Carolina and is the duly appointed Personal Representative for the Estate of Tristan Ian Swartz. Upon information and belief, at all relevant times Tristan Ian Swartz was a citizen and resident of Jasper County, South Carolina.

3. Upon information and belief, Defendant Father Nature, LLC is a limited liability company organized and existing under the laws of South Carolina with its principal place of business in Beaufort County, South Carolina.

4. Upon information and belief, Defendant Artemio Escalante is a citizen of a country other than the United States.

1

5. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57, Fed. R. Civ. P.; there is a real and justiciable controversy between the parties, and by these proceedings Plaintiff asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

6. The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332(a)(1).

7. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

**A.    The Personal Auto Policy**

8. Progressive issued a personal auto policy, Policy No. 919971861, to Deivy M Lopez Berduo with effective dates of September 30, 2023 to March 30, 2024 (hereinafter the "Personal Policy"). The Personal Policy lists a 2016 Chevrolet Silverado C2500K2500 Crew Pickup, VIN No. 1GC1KWE89GF164595, as an insured vehicle. The Personal Policy includes liability limits of $25,000 each person/$50,000 each accident for bodily injury and $25,000 each accident for property damage. A copy of the Personal Policy is attached hereto as Exhibit A.

9. The Personal Policy states: "This policy expires on March 30, 2024 at 12:01 a.m."

10. On March 5, 2024, Progressive mailed Deivy Lopez Berduo a renewal offer. It stated that his current policy would expire on March 30, 2024 at 12:01 a.m. unless he paid the renewal payment by March 31, 2024. A copy of the renewal offer and its mailing information is attached hereto as Exhibit B.

11. On March 5, 2024, Progressive also electronically sent Deivy Lopez Berduo a renewal reminder to the e-mail address he had provided. A copy of the renewal reminder is attached hereto as Exhibit C.

12. On March 18, 2024, Progressive mailed Deivy Lopez Berduo a renewal reminder. It stated: "**To avoid a lapse in coverage**, your payment must be received or postmarked by 12:01 a.m. on March 31, 2024." On March 19, 2024, Progressive also electronically sent Deivy Lopez Berduo another renewal reminder to the e-mail address he had provided. Copies of these renewal reminders with their mailing information are attached hereto as Exhibit D.

13. Progressive did not receive the renewal payment by 12:01 a.m. on March 31, 2024 or with a postmark by that date and time.

14. On April 2, 2024, Father Nature, LLC electronically signed an "Electronic Funds Transfer Authorization for a Single Deduction" and paid the renewal premium for Berduo by electronic funds transfer. This form and the payment confirmation are attached hereto as Exhibit E.

15. The Personal Policy was reinstated effective April 3, 2024 with a lapse in coverage from March 30, 2024 at 12:01 a.m. to April 3, 2024 at 12:01 a.m. The renewal declarations page and lapse endorsement are attached hereto as Exhibit F.

16. The Personal Policy was not in effect from March 30, 2024 at 12:01 a.m. until April 3, 2024 at 12:01 a.m.

**B.     The March 31, 2024 Auto Accident**

17. On June 20, 2024, Nicole Swartz, as Personal Representative for the Estate of Tristan Ian Swartz, filed suit in the Jasper County Court of Common Pleas against Father Nature,

3

LLC, Artemio Escalante, and John Doe, Civil Action No. 2024-CP-27-00382 (hereinafter the "Underlying Complaint"). A copy of the Underlying Complaint is attached hereto as Exhibit G.

18. The Underlying Complaint alleges that on March 31, 2024 Tristan Swartz was on a motorcycle traveling west on Old House Road and approaching the intersection of Willis Drive in Jasper County, South Carolina. It alleges that two Father Nature, LLC trucks approached a stop sign on Willis Drive.

19. The Underlying Complaint alleges that Artemio Escalante drove the first truck, which was pulling a trailer. Upon information and belief, this truck was the 2016 Chevrolet Silverado C2500K2500 Crew Pickup, VIN No. 1GC1KWE89GF164595, listed on the Personal Policy.

20. The Underlying Complaint alleges John Doe drove the second truck.

21. According to the Underlying Complaint, Escalante pulled onto Old House Road to turn left causing Tristan Swartz to crash into the trailer and an adjacent ditch.

22. The Underlying Complaint alleges Escalante then exited the vehicle and looked at where Swartz was laying in the ditch. It alleges that the driver of the second vehicle then shouted at Escalante to leave the scene and that both vehicles sped away from the scene of the accident.

23. The Underlying Complaint alleges Tristan Swartz died a few days later from the injuries he sustained in the March 31, 2024 accident.

24. In their answers to the Underlying Complaint, Father Nature, LLC and Artemio Escalante admitted that Escalante was an employee of Father Nature, LLC.

**C.     The Commercial Policy**

25.    Progressive issued a commercial auto policy, Policy No. 968793502, to Father Nature Inc with effective dates of April 17, 2023 to April 17, 2024 (hereinafter the "Commercial Policy"). The Commercial Policy includes a combined single liability limit of $300,000. A copy of the Commercial Policy is attached hereto as Exhibit H.

26.    The Commercial Policy lists only one insured vehicle, a 2023 Isuzu NPR HD. It lists three rated drivers, none of which are Artemio Escalante. The Commercial Policy lists the named insured as "Father Nature Inc" and states that the named insured organization type is a corporation.

27.    The Progressive Commercial Policy provides liability coverage to persons qualifying as "insureds" for liability arising out of certain risks under the insuring agreement and excludes certain risks through the policy exclusions. Progressive craves reference to the Commercial Policy for all of the terms, conditions, and provisions therein and incorporates them by reference herein.

28.    The Commercial Policy provides in pertinent part:

### PART I—LIABILITY TO OTHERS

**INSURING AGREEMENT—LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, we will pay damages for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**….

\*\*\*

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**
A.  When used in Part I—Liability To Others, **insured** means:
   1. **You** with respect to an **insured auto**.
   2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:

5

      (a) Any person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.
      (b) Any person while he or she is moving property to or from an **insured auto**, other than one of **your employees**, partners (if you are a partnership), members (if you are a limited liability company), or officers or directors (if you are a corporation).
      (c) The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.
      (d) The employees or agents of an owner or anyone else from whom the **insured auto** is leased, hired or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the declarations page.

    For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.

3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I—Liability To Others. If **we** make a filing or submit a certificate of insurance on **your** behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

B. When used in Part I—Liability To Others, **insured auto** also includes:
1. Trailers designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;
2. **Mobile equipment** while being carried or towed by an **insured auto**;
3. Any **temporary substitute auto**; and
4. **Mobile equipment** that is:
   a. owned by **you**;
   b. leased, hired, or borrowed by **you** and **you** have purchased either "Hired Auto Coverage" or "Any Automobile Legal Liability Coverage" from **us**; or
   c. not owned, leased, hired, or borrowed by **you** and **you** have purchased either "Employer's Non-Ownership Liability Coverage" or "Any Automobile Legal Liability Coverage" from **us**.

However, **mobile equipment** meeting any of those three criteria will qualify only if at the time of **loss** it is being:
a. used in **your** business;
b. operated on a public highway; and
c. operated in a state or province where it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law.

\*\*\*

29. Upon information and belief, the Defendants have or will seek liability coverage under the Personal Policy and/or the Commercial Policy for the March 31, 2024 accident.

## **FOR A FIRST DECLARATION**

30. Plaintiff repeats and re-alleges the paragraphs set out above as if set forth fully verbatim below.

31. Ther Personal Policy's effective dates were from September 30, 2023 to March 30, 2024.

32. Unless timely renewed, the Personal Policy would expire according to its own terms on March 30, 2024 at 12:01 a.m.

33. Progressive offered to renew the Personal Policy.

34. On March 5, 2024, Progressive mailed Deivy Lopez Berduo a renewal offer. It stated that his current policy would expire on March 30, 2024 at 12:01 a.m. unless he paid the renewal payment by March 31, 2024.

35. Deivy Lopez Berduo did not pay the renewal premium by March 31, 2024.

36. On April 2, 2024, Father Nature, LLC paid the renewal premium for Berduo.

37. The Personal Policy was reinstated effective April 3, 2024 with a lapse in coverage from March 30, 2024 at 12:01 a.m. to April 3, 2024 at 12:01 a.m.

38. Consequently, the Personal Policy was not in effect at the time of the March 31, 2024 auto accident.

39. Therefore, Progressive is entitled to a declaration that the Personal Policy does not provide coverage for the March 31, 2024 auto accident, and Progressive has no duty to defend or indemnify under that policy for such accident.

## FOR A SECOND DECLARATION

40. Plaintiff repeats and re-alleges the paragraphs set out above as if set forth fully verbatim below.

41. The Commercial Policy only provides liability coverage for certain damages for which an "insured" becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that "insured auto."

42. The only vehicle listed on the Commercial Policy's declarations page is a 2023 Isuzu NPR HD.

43. The vehicle Artemio Escalante was operating at the time of the March 31, 2024 accident was a 2016 Chevrolet Silverado C2500K2500 Crew Pickup, VIN No. 1GC1KWE89GF164595, owned by Deivy Lopez Berduo.

44. Deivy Lopez Berduo is the owner of Father Nature, LLC.

45. The March 31, 2024 accident did not arise out of the ownership, maintenance or use of an "insured auto."

46. Therefore, Progressive is entitled to a declaration that the Commercial Policy does not provide liability coverage for the March 31, 2024 accident, and Progressive has no obligation to defend or indemnify with respect to such accident.

## FOR A THIRD DECLARATION

47. Plaintiff repeats and re-alleges the paragraphs set out above as if set forth fully verbatim below.

48. The Commercial Policy only provides liability coverage for certain damages for which an "insured" becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that "insured auto."

49. The Commercial Policy defines "insured" as: (1) Father Nature Inc with respect to an "insured auto;" (2) any person while using, with Father Nature Inc's permission, and within the scope of that permission an "insured auto" Father Nature Inc owns, hires or borrows except the owner or anyone else from whom the "insured auto" is leased, hired, or borrowed or the employees or agents of an owner or anyone else from whom the insured auto is leased, hired or borrowed; and (3) any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under Part I—Liability To Others.

50. The March 31, 2024 accident did not arise out of the ownership, maintenance or use of an "insured auto."

51. No defendant in the Underlying Complaint qualifies as an "insured" under the Commercial Policy for the March 31, 2024 accident.

52. Therefore, Progressive is entitled to a declaration that the Commercial Policy does not provide liability coverage for the March 31, 2024 accident, and Progressive has no obligation to defend or indemnify with respect to such accident.

**WHEREFORE**, Progressive respectfully requests that this Court inquire into these matters and declare that both the Personal Policy and Commercial Policy do not provide liability coverage for the claims and damages alleged in the Underlying Complaint and Progressive has no obligation to pay, indemnify, defend, or otherwise perform under those policies for any and all claims arising out of the March 31, 2024 automobile accident, together with such other and further relief as the Court may deem just and proper.

              MURPHY & GRANTLAND, P.A.

              s/J.R. Murphy

                                            J.R. Murphy, Esquire (Fed. I.D. No.: 3119)
                                            P.O. Box 6648
                                            Columbia, South Carolina 29260
                                            (803) 782-4100
                                            Attorneys for Plaintiff Progressive Northern
                                            Insurance Company

Columbia, South Carolina
November 19, 2024